**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **BALTAZAR LUCAS-PEREZ,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-1758-R** |
| | ) | |
| **MARKWAYNE MULLIN et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Baltazar Lucas-Perez, a noncitizen[1] and Guatemalan national proceeding *pro se*, filed a Petition for Writ of Habeas Corpus challenging his detention by U.S. Immigration and Customs Enforcement (ICE) under 28 U.S.C. § 2241. (ECF No. 1). United States District Judge David L. Russell referred this matter to the undersigned magistrate judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Respondents filed a Response. (ECF No. 7). For the reasons set forth below, the undersigned recommends the Petition be **DISMISSED** without prejudice.

## I. PROCEDURAL BACKGROUND AND PETITIONER'S CLAIMS

Petitioner entered the United States at or near Antelope Wells, New Mexico on or about September 24, 2017. (ECF No. 7:1). On December 7, 2017, ICE officials placed Petitioner into removal proceedings before the Immigration Court pursuant to 8 U.S.C. § 1229a, charging him with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

someone who entered the United States without having been admitted or paroled. (ECF Nos. 7:1 & 7-1). Petitioner was subsequently released into the interior of the United Staes, but neither party provides information regarding the same. *See* ECF Nos. 1 & 7. On January 8, 2026, Petitioner was placed into ICE custody after having pled guilty to various charges in Nowata County, Oklahoma the day before. (ECF No. 7-3). A warrant was issued by ICE officials and Petitioner was found to once again be in violation of 8 U.S.C. § 1182(a)(6)(A)(i). (ECF Nos. 7-2 & 7-4).

On April 23, 2026, an Immigration Judge ordered Petitioner removed to Guatemala. (ECF No. 7-5). On June 30, 2026, an Immigration Judge granted a motion to amend the removal order based on a scrivener's error in the prior order. (ECF No. 7-6). No appeal was filed.[2] On July 13, 2026, while detained in the Cimarron Correctional Facility, Petitioner filed a habeas Petition in this Court, arguing:

- His detention violates Due Process because he had "been detained for 6 months after [his] order of removal;"
- His detention violates *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001) because "Respondent has not demonstrated efficiency in [his] deportation in ta reasonable foreseeable future;" and
- Respondents are violating the Immigration and Nationality Act (INA) by failing to execute his deportation in 90 days.

(ECF No. 1:6). As relief, Petitioner asks the Court to immediately release him from custody under an order of supervision. (ECF No. 1:7).

---

[2] *See* https://acis.eoir.justice.gov/en/caseInformation (last visited Aug. 20, 2026).

## II. STANDARD OF REVIEW

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he primary federal habeas corpus statute, 28 U.S.C. § 2241, confers jurisdiction upon the federal courts to hear . . . challenges to the lawfulness of immigration-related detention." *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) ("Challenges to immigration detention are properly brought directly through habeas."). "Mootness is a threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction." *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996). "Because mootness is a matter of jurisdiction, a court may raise the issue *sua sponte*." *Id.*

## III. DISMISSAL OF THE PETITION

Prior to the entry of a removal order, 8 U.S.C. § 1225 and § 1226 govern the detention of aliens. An alien detained under § 1226(a) is entitled to a bond hearing at which he can argue to an immigration judge that he should be released while he awaits removal proceedings because he is not a danger to others or at risk for non-appearance. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

"After the pre-removal period concludes, the statutory authority to detain an alien shifts to 8 U.S.C. § 1231." *Carbajal v. Holder*, 43 F. Supp. 3d 1184, 1188 (D. Colo. 2014).

Under 8 U.S.C. § 1231(a)(2)(A), a non-citizen is subject to a 90-day removal period, where detention is mandatory. *Id.* at 1189 ("[W]hen an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days . . . . During the removal period, the Attorney General shall detain the alien.") (quoting 8 U.S.C. § 1231(a)). This shift from the "pre-removal" period under § 1225 and § 1226 to the "removal" period under § 1231(a) is triggered by the latest of three events:

(i) The date the order of removal becomes administratively final;

(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order;

(iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). A removal order typically becomes administratively final "upon the earlier of": "a determination by the Board of Immigration Appeals affirming such order" or "the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals." 8 U.S.C. § 1101(a)(47)(B). However, "the decision of the Immigration Judge" may also "become[] final upon waiver of appeal." 8 C.F.R. § 1003.39; *see, e.g., Muradyan v. Warden*, Otay Mesa Det. Ctr., No. 3:26-cv-63-CAB-AHG, 2026 WL 184206, at *2 (S.D. Cal. Jan. 23, 2026) ("Petitioner was ordered removed on September 30, 2025, and because he waived his right to appeal, his order of removal became administratively final the same day.") (citation omitted).

Here, Petitioner was ordered removed on April 23, 2026. *See supra*. Thus, Petitioner's pre-removal-order period ended 30 days later, May 26, 2026, when the order

of removal became administratively final. *See supra*.[3] As a result, Petitioner is presently subject to § 1231(a)(2)(A), which mandates detention without bond for 90 days, or until August 25, 2026.

As stated, Petitioner argues three grounds for relief. In Ground One, he argues his detention violates Due Process because he had "been detained for 6 months after [his] order of removal." (ECF No. 1:6). But this statement is simply untrue, as the order of removal only became administratively final on May 26, 2026. *See supra*. In Ground Two, Petitioner argues that his detention violates *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001) because "Respondent has not demonstrated efficiency in [his] deportation in a reasonable foreseeable future." (ECF No. 1:6). But, as stated, Petitioner is currently in the 90-day "removal period" subject to mandatory detention. It is only when that period expires that the six-month "reasonableness" clock begins under *Zadvydas*. *See Zadvydas*, 533 U.S. at 701 (holding that detention of an alien subject to a final order of removal may not be indefinite and is presumptively reasonable for only six months following the beginning of the removal period); *see also Morales-Fernandez v. INS*, 418 F.3d 1116, 1123 (10th Cir. 2005) (reiterating that "the reasonable period of post-removal detention is presumptively six months"). After that time, a detainee may bring a habeas action to challenge his detention. *Zadvydas*, 533 U.S. at 688. Any challenge under *Zadvydas* is simply premature at this point.

---

[3] The 30 day window to appeal expired on Sunday May 24, 2026 and the following day was a holiday, Memorial Day, so the removal order became administratively final on Tuesday, May 26, 2026.

And finally, in Ground Three, Petitioner argues that Respondents are violating the INA by failing to execute his deportation in 90 days. But again, Petitioner is subject to mandatory detention at this time and at this point, Petitioner's argument is premature. Based on the foregoing, the Court should dismiss the habeas Petition, without prejudice.[4]

## IV. RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT

For the foregoing reasons, the undersigned recommends that the Court **DISMISS** the habeas Petition, without prejudice.

The parties may object to this Report and Recommendation under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Any objection must be filed not later than **August 27, 2026**. The parties are further advised that failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## V. STATUS OF REFERRAL

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

ENTERED on August 20, 2026.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE

[4] Nothing in this Report and Recommendation prevents Petitioner from realleging any claim if he remains detained into the post-removal period in violation of the law. *See e.g., Nunez Mora v. Warden*, 2026 WL 915219, at *2 (D.N.M. Apr. 3, 2026) (dismissing premature *Zadvydas* claim but noting "Petitioner may refile his claims for prolonged detention after expiration of the six-month period").